**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In the Matter of | : | Case No.: 14-55839 |
| | : | |
| Andriena Jackson | : | Chapter 7 |
| | : | (Converted from Chapter 13 April 4, 2016) |
| Debtor | : | |
| | : | Judge: Charles M. Caldwell |
| | : | |

# AMENDED MOTION TO RECONSIDER DISMISSAL

The Debtor in the above captioned case respectfully submits this amendment to the Motion to Reconsider Dismissal filed on July 23 (Docket #62). That Motion requests this Court reconsider the dismissal of the above-captioned case. A memorandum in support of this Motion is attached hereto.

Respectfully submitted,

Date: **August 13, 2016**

**/s/ Josh Brown**
**Josh Brown**
Attorney for Debtor
**The Law Office of Josh Brown, LLC.**
**175 S. Third St.**
**Suite 200**
**Columbus, OH 43215**
**(614) 284-4394**
**josh@joshbrownesq.com**

## **MEMORANDUM IN SUPPORT**

Debtor, Andriena Jackson, hereby files his Motion to Reconsider Dismissal in his Chapter 7 case.

### **JURISDICTION**

This Court has jurisdiction of this issue by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a). A motion to reconsider a dismissed or closed bankruptcy case is clearly one which relates to the Court's supervision of its own docket and therefore is clearly a "core" bankruptcy matter.

### **FACTS OF THE CASE**

This case was filed on August 18, 2014 as a Chapter 13 case. It was dismissed on January 8, 2016 for failure to make plan payments (Docket #41). It was converted to a Chapter 7 case on April 4, 2016. The Debtor subsequently fulfilled all the requirements to receive a discharge in this case. In light of this, Debtor respectfully asks that the Order Dismissing the case, entered on January 8, 2016 be vacated, so that the Debtor may receive her discharge and pursue her fresh start. On July 23, Debtor filed a Motion to Reconsider the Dismissal order (Docket #62). The Debtor herein submits an amended Motion to elaborate on the basis for this Motion.

### **ANALYSIS**

First, because this amendment is filed shortly before the deadline for objections to the original Motion to Reconsider Dismissal, the first issue is whether this amendment would prejudice other parties to this case in any way before the Court issues a decision on this Motion. No objections have been filed to the original Motion to Reconsider Dismissal. The Court should find that this amendment does not prejudice creditors because this amendment merely elaborates on the statements in the original motion to provide a more robust basis for the relief sought. There are no new issues introduced by this amendment.

The issue in this decision will be whether substantive justice and equitable factors are sufficient to vacate a dismissal order in a case where a Chapter 13 case was dismissed, then the Debtor fulfilled all the necessary requirements of a Chapter 7 case. Although this is a motion to reconsider a dismissal, this analysis will discuss motions to reopen interchangeably because the issues are precisely the same in both motions—namely, whether the Court should sustain a motion that affords a Debtor an opportunity to restart the process of pursuing a discharge.

In furtherance of a fresh start, debtors "are entitled to do what they can to ensure a comprehensive discharge, get the case behind them, and get on with their lives." *In re McKinnon*, 165 B.R. 55, 58 (Bankr. D. Maine, 1994)

(maintaining the accuracy of a debtor's schedules is sufficient cause to reopen a no-asset case so that debtors can "fulfill more perfectly their obligations under §521(1) and Fed. R. Bankr. P. 1007 to assure the comprehensiveness of the chapter 7 discharge."). Some courts have authorized procedural guidelines to facilitate the reopening process for needy debtors.

A case may be reopened on motion of the debtor or other party in interest pursuant to 11 U.S.C. §350(b). Under §350(b) a case may be reopened to "to accord relief to the debtor or for other cause." In exercising its discretion to reopen a case, "the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice." *In re Stark*, 717 F.2d 322, 323 (7th Cir. 1983). The trend in reopening cases under section 350(b) has thus been "to allow the bankruptcy judge broad discretion to weigh the equitable factors in each case." Michael P. Saber, Section 350(b): The Law of Reopening, 5 Bankr. Dev. J. 63, 82 (1987) (collecting cases).

A bankruptcy court exercises equitable powers and should emphasize "substance and not technical considerations that will prevent substantial justice. *Stark, supra*. When determining whether to reopen, many courts "consider the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001) (citation omitted). "[A]lthough a motion to reopen is addressed to the sound discretion of the bankruptcy court, 'the court has the duty to reopen an estate whenever prima facie proof is made that it has not been fully administered.'" *Lopez v. Specialty Rests. Corp. (In re Lopez)*, 283 B.R. 22, 27 (B.A.P. 9th Cir. 2002) (citing *Kozman v. Herzig (In re Herzig)*, 96 BR 264, 266 (B.A.P. 9th Cir. 1989)). The 6th Circuit has said, that in reopening a case, harm to the creditor in the form of fraud is the key issue. See *In re Rosinski*, 759 F.2d 539, 541 (6th Cir. 1985) (citing, *Stark, supra* at 324).

Here, substantive justice would dictate that Debtor receive an opportunity to pursue a discharge in this case because she has fulfilled all the requirements needed for a discharge under chapter 7 of the bankruptcy code. The code explicitly allows the Court to reopen a case merely to "accord relief to the Debtor." Granting this Motion would accord relief to the Debtor. There are no allegations of fraud or intent to harm creditors. Vacating the dismissal order would not prejudice or unnecessarily delay creditors in asserting their rights in this case.

In these determinations, the Court seeks to effectuate the rights of Debtors even if procedural mistakes were made. The failure to make a chapter 13 payment is a procedural mistake, not one of substance or justice. Denying

this motion would prevent Debtor from exercising a legal right that she needs to exercise to get a fresh start. This Court emphasizes substance, equity, and justice over technical requirements, and therefore this showing is sufficient to establish that equitable factors and substantive justice outweigh procedural considerations.

In conclusion, the basis for vacating the Order to Dismiss is that Debtor has shown that equitable factors sufficiently outweigh procedural considerations in this case.

Therefore, the Debtor requests that this Court reconsider the dismissal in this case and issue and Order vacating it.

Respectfully submitted,

Date:  **August 13, 2016**                              **/s/ Josh Brown**
                                                                  **Josh Brown**
Attorney for Debtor Andriena Jackson
**The Law Office of Josh Brown, LLC.**
**175 S. Third St.**
**Suite 200**
**Columbus, OH 43215**
**(614) 284-4394**
**josh@bankruptcylawyerdirecttalk.com**

# CERTIFICATE OF SERVICE AND
# NOTICE OF RIGHT TO RESPOND WITHIN 21 DAYS

I hereby certify that on August 13th, 2016, a true and accurate copy of the foregoing AMENDED MOTION TO RECONSIDER DISMISSAL was served on the following registered ECF participants, electronically through the Court's ECF System at the email address registered with the Court, or by first class U.S. Mail on this 13th Day of August 2016, upon all the parties included on this page and the mailing matrix that follows, which is a complete list of creditors and parties in this case.

**Asst US Trustee (Col)**
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215
614-469-7411
ustpregion09.cb.ecf@usdoj.gov
*Added: 08/18/2014*
*(U.S. Trustee)*

**Faye D. English**
Chapter 13 Trustee
10 West Broad Street
Suite 900
Columbus, OH 43215-3449
614-420-2555
notices@ch13columbus.com
*Added: 08/19/2014*
*TERMINATED: 04/04/2016*
*(Trustee)*

**Andriena T Jackson**
2210 Baldwin Place Apt. C
Reynoldsburg, OH 43068
SSN / ITIN: xxx-xx-3856
*Added: 08/18/2014*
*(Debtor)*

represented by

**Joshua James Brown**
175 S. Third St.
Suite 200
Columbus, OH 43215
614-284-4394
(614) 388-3947 (fax)
josh@joshbrownesq.com
*Assigned: 03/22/16*

**E Darren McNeal**
100 East Main Street
Columbus, OH 43215
(614) 224-8400
(614) 224-7048 (fax)
dmcneal@mcneallaw.com
*Assigned: 08/18/14*
*TERMINATED: 04/02/16*

**Jefferson Capital Systems, LLC**
PO Box 7999
Saint Cloud, MN 56302-9617
*Added: 06/02/2016*
*(Creditor)*

**William B Logan**
50 West Broad Street
Suite 1200
Columbus, OH 43215
614-221-7663
wlogan@lnlattorneys.com
*Added: 04/04/2016*
*(Trustee)*

| | | |
|---|---|---|
| **Ohio Department of Taxation**<br>*Added: 10/21/2014*<br>*(Creditor)* | represented by | **Brian M Gianangeli**<br>6305 Emerald Parkway<br>Dublin, OH 43016<br>(614) 224-8313<br>(614) 224-9986 (fax)<br>bgianangeli@mifsudlaw.com<br>*Assigned: 10/21/14* |